PRICE v. MOYER, Superintendent of Washington Asylum and Jail.

(Court of Appeals of District of Columbia. Submitted February 5, 1923. Decided April 3, 1923.)

No. 3848.

Criminal law ⬤⟿1219—Superintendent of jail authorized to execute death sentence.

Under Act March 4, 1923, Pub. Laws 67th Cong. No. 543, authorizing the superintendent of the Washington jail to execute judgments theretofore or thereafter pronounced in the District of Columbia by the courts thereof in all capital cases, the superintendent has authority to execute a capital sentence previously pronounced, so that a pending appeal from the dismissal of a writ of habeas corpus to procure the discharge of accused, on the ground that prior statutes did not authorize the superintendent to effect such sentence, became moot and must be dismissed.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceedings by Charles Price against William H. Moyer, as Superintendent of the Washington Asylum and Jail. Writ discharged, and petitioner remanded to custody, and he appeals. Appeal dismissed.

James A. O'Shea, of Washington, D. C., for appellant.

Peyton Gordon and James J. O'Leary, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This is an appeal from a decision of the Supreme Court of the District of Columbia.

The appellant, Charles Price, was indicted, tried, and convicted in that court, of the crime of murder in the first degree, and was sentenced to be hanged on November 8, 1920. On appeal, the judgment was affirmed. Price v. United States, 51 App. D. C. 106, 276 Fed. 628. The execution of sentence was stayed, pending that appeal. After the affirmance of the judgment, a death warrant was issued to the superintendent of the Washington asylum and jail, commanding him to carry the sentence into execution upon April 29, 1922. On April 25, 1922, the appellant, being in the custody of the superintendent of the Washington asylum and jail as aforesaid, filed a petition in the trial court for a writ of habeas corpus, praying for his discharge from custody, upon the ground that under the statute no power or authority resided in the superintendent of the Washington asylum and jail, to execute or carry into effect a sentence of death in the district of Columbia. Upon a hearing of this petition the writ of habeas corpus was discharged, and the petitioner was remanded into the custody of the respondent, to the end that the sentence should be carried into execution. The present appeal is brought for a review of that decision, and pending it the execution of the defendant has again been stayed.

In the brief filed by appellant's counsel herein, the statutes relating to the execution of the death penalty in capital cases within the Dis-

trict of Columbia are reviewed in support of the contention that neither the respondent, nor any other officer, is lawfully authorized to carry such a sentence into effect within the District. We shall not enter upon a discussion of the prior legislation upon this subject, since we find that a recent statute, enacted since this appeal was filed in this court, and since appellant's brief was presented herein, fully covers the question in issue.

In an act of Congress, entitled "An act making appropriations to supply deficiencies in certain appropriations for the fiscal year ending June 30, 1923, and prior fiscal years, to provide supplemental appropriations for the fiscal year ending June 30, 1924, and for other purposes," approved March 4, 1923, Public Laws No. 543, 67th Congress, the following paragraph appears upon page 7 of the pamphleted copy of the enactment, to wit:

"The superintendent of the Washington asylum and jail appointed by the commissioners of the District of Columbia is hereby directed, authorized, and required to execute the judgments of the law heretofore pronounced and hereafter to be pronounced in the District of Columbia by the courts thereof in all capital cases, and the power and authority heretofore given to and now vested in such commissioners to appoint such superintendent and all appointments to the position of such superintendent made by such commissioners are hereby ratified and confirmed; and any failure on the part of Congress, either heretofore or hereafter, to make a specific appropriation for the salary or compensation of such superintendent shall not be construed either as an abolition of such position of superintendent of the Washington asylum and jail or as a repeal of the power and authority of such commissioners to appoint such superintendent."

This enactment plainly has the effect of making the present appeal moot, since, regardless of the legislation under which the appeal was brought, Congress has now unmistakably invested the respondent with authority within the District to carry into effect the death sentence in capital cases.

The appeal is therefore dismissed, without costs.